# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>vs.<br><br>**ANTIONETTE ROUSE,**<br><br>*Defendant.* | **DOCKET NO. 3:25-CR-106-KDB**<br><br><br>**UNOPPOSED MOTION TO CONTINUE TRIAL DATE & MOTIONS DEADLINE** |

Antionette Rouse, by and through her counsel of record, Assistant Federal Defender John Parke Davis, respectfully requests that this Court continue the trial date presently scheduled for May 4, 2026, along with the associated pretrial motions deadline. As grounds therefore, it is averred:

1.     On May 23, 2025, Ms. Rouse was arraigned on two counts in a Bill of Indictment, charging her with one count of wire fraud conspiracy, pursuant to 18 U.S.C. §§ 1343 and 1349 (Count One); and one count of wire fraud, pursuant to 18 U.S.C. § 1343 (Count Three). She had previously retained counsel and was released on conditions of bond.

2.     On July 31, 2025, Ms. Rouse's retained counsel moved to withdraw from her representation. [Doc. 44]. A hearing was held on this motion on August 26, 2025, and the undersigned was appointed counsel the next day. *See* [Doc. Entries dated 8/26 & 8/27, 2025].

3.     Plea negotiations are ongoing. Counsel needs additional time to review discovery with Ms. Rouse, to fully investigate Ms. Rouse's case and possible defenses, and to effectively negotiate with the government and prepare the case for trial.

4.     This is Ms. Rouse's third motion for a continuance of this matter, her second motion

since the matter became ripe for trial, and her second motion since the undersigned became counsel of record. The case was previously continued based on motions from other defendants. Ms. Rouse does not anticipate further motions to continue will be necessary should this one be granted.

5. The time period of this continuance is excludable under 18 U.S.C. § 3161(h)(1), because the Fourth Circuit has specifically found ongoing plea negotiations to be "other proceedings" under the terms of the Speedy Trial Act. *E.g. U.S. v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014); *U.S. v. Leftenant*, 341 F.3d 338, 345 (4th Cir. 2003) (collecting similar authority from other circuits). Thus, this period of delay is excludable as a period of delay resulting from another proceeding concerning the defendant. 18 U.S.C. § 3161(h)(1); *Keita*, 742 F.3d at 188 (affirming that any period of delay due to ongoing plea negotiations is excludable under the Speedy Trial Act). It is also excludable under § 3161(h)(7)(B)(iv), as the need for additional time to allow for effective preparation, taking into account defense counsel's due diligence, outweighs the interests of the public or the defendant in a speedy trial.

6. For the same reasons stated above, Ms. Rouse needs additional time to research related legal and factual issues that may arise from reviewing discovery, interviewing Ms. Rouse, and investigating the case.

7. The government does not oppose the granting of this motion.

**WHEREFORE,** Ms. Rouse respectfully requests a continuance of her trial date from the May 4, 2026 term to the next available term of court, and a corresponding extension of the pretrial motion and notice deadline to line up with the Court's next criminal term.

Respectfully submitted:

s/ John Parke Davis
John Parke Davis

N.C. Bar No. 34427
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
jp_davis@fd.org
*Attorney for Antionette Rouse*

DATE:  April 3, 2026